IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO.: |
| | : | 2:13-CR-045-RWS-JCF |
| ELIZABETH WOOD | : | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Elizabeth Wood's Motion For A Ruling That The Government Must Prove That Ms. Wood Acted Willfully. (Doc. 94). For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **DENIED**.

## Discussion

Counts One through Twenty-Two of the Superseding Indictment (Doc. 63) charge Defendant, along with co-defendant Stanley J. Kowalewski, with violations of the wire fraud statute, 18 U.S.C. § 1343. The Superseding Indictment charges that between August 2009 until January 2011 Defendants:

> knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

(Doc. 63 at 1).

1

Defendant now asks the Court to rule that the Government must prove that she acted "willfully."[1] (*See* Doc. 94). The undersigned finds that Defendant's motion should be denied.

In the first place, the wire fraud statute itself does not expressly include "willfully" as an element of that offense:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343. While Defendant contends that the wire fraud statute "does not set forth any particular *mens rea* requirement," (Doc. 94 at 2), the Eleventh Circuit has held that "[w]ire fraud is a 'specific intent' crime," *United States v. Conner*, 752 F.2d 566, 574 (11th Cir. 1985), and that specific intent "is the intent to defraud." *United States v. Maxwell*, 579 F.3d 1282, 1302 (11th Cir. 2009); *see also United States v. Bradley*, 644 F.3d 1213, 1239 n.58 (11th Cir. 2011) (explaining that the "required mens rea element" for wire fraud is " 'a conscious knowing intent to defraud' " (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1499 (11th Cir. 1991))).

---

[1] Defendant apparently brings this motion so that she can seek dismissal of the indictment if the Court grants her request, as the indictment does not allege that Defendant acted "willfully." (*See* Doc. 94 at 4; Doc. 102 at 6 n.1).

Moreover, in setting out the elements the Government must prove to establish wire fraud, the Eleventh Circuit does not include a requirement that the Government must prove that the defendant "acted willfully." Instead, "[t]o establish wire fraud pursuant to § 1343, the government has to prove beyond a reasonable doubt that the defendant: (1) intentionally participated in a scheme to defraud; and (2) used the interstate wires in furtherance of that scheme." *United States v. Louis*, No. 14-11420, 2015 U.S. App. LEXIS 2478, at *4 (11th Cir. Feb. 19, 2015) (unpublished decision) (citing *United States v. Robinson*, 493 F.3d 1322, 1331 (11th Cir. 2007)); *see also United States v. Derosa*, 544 Fed. Appx. 830, 834 (11th Cir. 2013) (unpublished decision) (explaining that the "knowledge and intent elements" of the wire fraud statute "require proof that Derosa (1) knowingly devised or participated in a scheme to defraud someone or obtained money or property using false or fraudulent pretenses, representations, or promises; and (2) intended to defraud someone.").

It is true that, as the parties point out, the Eleventh Circuit's 2003 Pattern Jury Instructions included a wire fraud instruction stating the defendant must have acted "willfully and with an intent to defraud." (*See* Doc. 94 at 3-4; Doc. 99 at 3). As both parties acknowledge, however, the 2010 Pattern Instructions state the Government must prove, among other things, that the defendant "knowingly devised or participated in a scheme to defraud" and "acted with an intent to

3

defraud," and no longer require that the Government prove that the defendant acted "willfully." (*See* Doc. 94 at 3-4; Doc. 99 at 5). As the Government notes, the Eleventh Circuit explained why it omitted the term "willfully" from its instructions on certain crimes:

> [B]ecause of the developing Supreme Court and Eleventh Circuit case law concerning the definition of the *mens rea* required for particular crimes, including the movement away from the traditional dichotomy of general and specific intent crimes and the variety of meanings attributed to "willfully" depending on the context of a statute, the Committee recommends the elimination of "willfully" from instructions **where that term is not employed in the statute.**

Preface to Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010) (emphasis added).

Thus, the language of the wire fraud statute itself, the Eleventh Circuit's 2010 Pattern Jury Instructions, and Eleventh Circuit post-2010 case law support a finding that the Government need not prove that Defendant acted "willfully" to establish wire fraud under 18 U.S.C. § 1343.

In her reply brief, however, Defendant makes additional arguments in support of her position. First, to counter the Government's contention that "willfully" is not an element of the wire fraud statute because "that term is not present in the statute" (*see* Doc. 99 at 2), Defendant correctly notes that the statute does not include "materiality" as an element, yet the Supreme Court in *Neder v. United States*, 527 U.S. 1 (1999) found that " 'materiality of falsehood is an

4

element of the federal mail fraud, wire fraud, and bank fraud statutes.' " (Doc. 102 at 1-2; quoting *Neder*, 527 U.S. at 25). *Neder* is inapposite, however, because the Court there explained that when the federal mail and wire fraud statutes were enacted, "actionable 'fraud' had a well-settled meaning at common law," and that "the well-settled meaning of 'fraud' required a misrepresentation or concealment of *material* fact." *Id.* at 22. "Thus, under the rule that Congress intends to incorporate the well-settled meaning of the common-law terms it uses, [the Court] cannot infer from the absence of an express reference to materiality that Congress intended to drop that element from the fraud statutes." *Id.* at 23. In this case however, Defendant has not identified the word or phrase contained in 18 U.S.C. § 1343 that has a "well-settled meaning at common law" incorporating the element of "willfulness."

Defendant also asserts that the Court should "ascertain congressional intent" with respect to the mens rea for the wire fraud statute by considering Congress's subsequent enactment of the health care fraud statute in 1996, 18 U.S.C. § 1347. (*See* Doc. 102 at 2-4). Defendant cites authority for the proposition that the health care fraud statute was "modeled after" the bank fraud statute, which was "modeled after" the federal mail and wire fraud statutes. (*Id.* at 3-4 (quoting *United States v. Cooper*, 283 F. Supp. 2d 1215, 1231 (D. Kan. 2003))). She then contends that

5

because Congress "used the term 'willfully' in the health care fraud statute[2], . . . it seems evident that Congress believes that 'willfully' is indeed an element of the health care fraud, bank fraud, wire, and wire and mail fraud statutes." (*Id.* at 4). The undersigned disagrees. Defendant has cited no authority for the proposition that a statute that serves as a "model" for a subsequent statute includes every element of the newer statute, particularly the mens rea element, even when the "model" is silent as to that element. In particular, Defendant has not shown that the fact that Congress explicitly included a willfulness element in the health care fraud statute indicates that it believed that element was a secret part of the wire fraud statute passed decades before.

Finally, Defendant takes issue with the Government's reliance on *United States v. Ismoila*, 100 F.3d 380, 399 (5th Cir. 1996), a case in which the court held that "willfully" is not an element of wire fraud under 18 U.S.C. § 1343. (*See* Doc. 99 at 2-3). Defendant points out that *Ismoila* is not binding in the Eleventh Circuit and contends it conflicts with Eleventh Circuit authority, specifically *United States v. Ward*, 486 F.3d 1212 (11th Cir. 2007). (Doc. 102 at 4-5). In *Ward*, the court wrote, "[f]or nearly as long as mail fraud has been a federal crime, it has been the

---

[2] That statute makes it unlawful to "knowingly and willfully execute[], or attempt[] to execute, a scheme or artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program . . . ." 18 U.S.C. § 1347(a).

law in this Circuit, and in the former Fifth Circuit, that a defendant may be convicted of mail fraud without personally committing each and every element of mail fraud, so long as the defendant knowingly and willfully joined the criminal scheme, and a co-schemer used the mails for the purpose of executing the scheme." 486 F.3d at 1222.  The court in *Ward* did not reach or resolve the issue of whether "willfully" was an element of the wire fraud statute.  Instead, the court included the above-quoted language as it responded to defendant's argument that to sustain a conviction for wire or mail fraud, "[i]t is not enough . . . that the evidence sufficiently establishes that he knowingly and willfully participated in the fraudulent scheme, and that a co-schemer used the mails or wires for the purpose of executing the scheme." *Id.*  Moreover, *Ward* was decided prior to the Eleventh Circuit's 2010 Pattern Jury Instructions, which omitted "willfully" from its instructions on wire fraud.  In addition, subsequent case law setting out the elements of wire fraud—*see e.g.*, *Louis*, 2015 U.S. App. LEXIS 2478, at *4, *Derosa*, 544 Fed. Appx. at 834, *Bradley*, 644 F.3d at 1239 n.58—indicates that acting "willfully" is not an element of that offense.

Accordingly, the undersigned finds that the Government need not prove that Defendant acted "willfully" to establish wire fraud under 18 U.S.C. § 1343.  Instead, the Government must prove beyond a reasonable doubt that Defendant knowingly devised or participated in a scheme to defraud and that she intended to

defraud, as set out in the wire fraud statute, relevant Eleventh Circuit case law, the Eleventh Circuit's Pattern Jury Instructions, and as alleged in the Superseding Indictment.  Therefore, it is **RECOMMENDED** that Defendant's motion for a ruling that the Government must prove that she acted "willfully" (Doc. 94) be **DENIED**.

      **IT IS SO REPORTED AND RECOMMENDED** this 30th day of March, 2015.

                                  /s/ *J. CLAY FULLER*
                                  J. CLAY FULLER
                                  United States Magistrate Judge