**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 2:13-CR-00045-RWS |
| STANLEY J. KOWALEWSKI and : | |
| ELIZABETH P. WOOD, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation ("R&R") [104] of Magistrate Judge J. Clay Fuller. After reviewing the R&R and Defendant Wood's Objections [109] thereto, the Court enters the following Order.

Defendant Elizabeth Wood filed a Motion for a Ruling That the Government Must Prove That Ms. Wood Acted Willfully [94]. Based on the conclusion that willfulness is not an element of the offense of wire fraud, the R&R recommends denial of Defendant Wood's Motion. The following factors were considered in deciding that willfulness is not an element of the offense. First, the wire fraud statute does not expressly include "willfully" as an element of the offense. While the Eleventh Circuit's 2003 Pattern Jury Instructions

stated that a defendant must have acted "willfully and with an intent to defraud" to be found guilty of wire fraud, the 2010 Pattern Instructions state that the Government must prove that the defendant "knowingly devised or participated in a scheme to defraud" and "acted with an intent to defraud" and no longer required that the Government prove that the defendant acted "willfully." The Eleventh Circuit explained the omission of "willfully" from its instructions:

> Because of the developing Supreme Court and Eleventh Circuit case law concerning the definition of the *mens rea* required for particular crimes including the movement away from the traditional dichotomy of general and specific intent crimes and the variety of meanings attributed to "willfully" depending on the context of a statute, the Committee recommends the elimination of "willfully" from instructions where that term is not employed in the statute.

(Preface to Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010).)

Finally, the R&R cites Eleventh Circuit decisions that have been decided since the Pattern Jury Instructions were amended that do not include willfully as an element of wire fraud. (R&R at 3.) The R&R fully addresses each of the arguments submitted by Defendant Wood.

In her Objections, Defendant Wood raises no new grounds that have not been adequately addressed in the R&R. She challenges reliance on the

unpublished Eleventh Circuit opinions issued after the Pattern Instructions were amended. She asserts that under the "prior panel rule," this Court is bound to follow the decision in United States v. Ward, 486 F.3d 1212 (2007). However, the undersigned finds that the R&R addresses the Ward holding. As noted, "[t]he court in Ward did not reach or resolve the issue of whether 'willfully' was an element of the wire fraud statute." (R&R at 7.) The decision in Ward does not compel a different result than that recommended by Judge Fuller.

The Court adopts the findings and conclusions set out in the R&R as the Opinion and Order of this Court. Accordingly, Defendant Wood's Motion [94] is hereby **DENIED**.

**SO ORDERED** this   29th   day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge

3